UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:13-CV-62650-MGC

JESSICA MEDINA, CARLA KLEINUBING,
DAVID TALMASON and LAURA BARBER,
Individually and on behalf of
All those similarly situated,

    *Plaintiffs*,

v.

HOMEOLAB U.S.A., INC.,
A Foreign For Profit Corporation,

    *Defendant*.
_____/

## PLAINTIFFS' JOINT MOTION FOR CERTIFICATION OF CLASS AND FOR TEMPORARY STAY OF PROCEEDINGS AND BRIEFING THEREON

Plaintiffs, JESSICA MEDINA, CARLA KLEINUBING, DAVID TALMASON and LAURA BARBER (collectively "Plaintiffs"), individually and on behalf of all those similarly situated, by and through undersigned counsel, move for certification of the classes of consumers identified below, and for a temporary stay of further proceedings pending further investigation, discovery, and briefing on this motion, and in support thereof would show:[1]

---

[1] Plaintiffs are filing their motion for class certification at this juncture to protect the interests of the putative Classes from Defendant's anticipated attempt to "pick off" lead class representatives, and to prevent Defendant's disputed conduct from going unaddressed as to the rest of the Class. Plaintiffs are authorized to take this action to prevent Defendant from making an offer of judgment for full relief on an individual basis, relying on case law suggesting that such an offer of judgment prior to the pendency of a motion for class certification would render the case moot. *Keim v. ADF Midatlantic, LLC.*, No.: 12-80755-CIV-MARRA, 2013 WL 3717737, *6 (S.D. Fla. July 15, 2013) (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs").

1. Pursuant to Rule 23, Federal Rules of Civil Procedure, Plaintiffs bring this action on their own behalf, and on behalf of alternative Classes of all consumers similarly situated.

2. Plaintiffs bring this Nationwide and/or Statewide class action for declaratory and injunctive relief, damages and other monetary relief, on behalf of the following Classes:

    A. **Nationwide Class.** Plaintiffs bring a Nationwide Class Action for declaratory and injunctive relief, as well as for damages and other monetary relief, under Rule 23(a) and (b)(2); or under Rule 23(a) and (b)(3), on behalf of:

> All persons 18 years of age or older who, while residing within the United States, purchased in the United States: (a) "Kids Relief Flu," "Kids Relief Cough & Cold," and/or "Kids Relief Pain & Fever," for their child(ren) 2 years of age or over; and/or (b) "Kids Relief Earache," for child(ren) between 0-9 years of age, and/or (c) the same "0-9 Kids" labels, during the 4 years preceding the filing of this action.

    B. **Statewide Class.** Plaintiffs bring a Statewide (Florida) Class Action for declaratory and injunctive relief, as well as for damages and other monetary relief, under Rule 23(a) and (b)(2); or under Rule 23(a) and (b)(3), on behalf of:

> All persons 18 years of age or older who, while residing in the State of Florida, purchased in Florida: (a) "Kids Relief Flu," "Kids Relief Cough & Cold," and/or "Kids Relief Pain & Fever," for their child(ren) from 2 years of age or over; and/or (b) "Kids Relief Earache," for their child(ren) 0 - 9 years of age, and/or (c) the same under "0-9 Kids" labels, during the 4 years preceding the filing of this action.

3. Excluded from the Classes are governmental entities, HomeoLab, any entity in which HomeoLab has a controlling interest, HomeoLab's officers, directors, affiliates, legal counsel, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded are the Court, its staff and officers, and members of their immediate families.

4. Plaintiffs require an opportunity for class discovery to fully develop the facts bearing on class certification, and submit amended and supplemental briefing prior to a ruling. Absent a stay of further proceedings and briefing thereon, class members would be prejudiced as Plaintiffs would be required to submit a full memorandum of law in support of class certification without a fully developed record, or delay seeking certification and risk Defendant's anticipated attempt to "pick off" lead Plaintiffs, to class members' detriment. See Footnote 1, *supra*.

5. The Plaintiff Classes satisfy all prerequisites for class certification, as set forth in the Preliminary Memorandum of Law incorporated herein, and as will be addressed with greater specificity in an Amended & Supplemental Memorandum of Law at the close of class discovery.

## PRELIMINARY MEMORANDUM OF LAW

**A.** *Rule 23(a) Requirements*

*i. Numerosity*

The first requirement of Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). The numerosity inquiry is not focused solely on the number of proposed class members, but instead upon "whether joinder of proposed class members is impractical." *Armstead v. Pingree,* 629 F.Supp. 273, 279 (M.D. Fla. 1986). Parties seeking class certification need not know the precise number of class members, and may make reasonable estimates as to the size of a proposed class. *Fuller v. Becker & Poliakoff, P.A.,* 197 F.R.D. 697 (M.D. Fla. 2000). The Eleventh Circuit has held "[g]enerally, 'less than twenty-one is inadequate, more than forty adequate.'"*Cheney v. Cyberguard Corp.,* 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986)). Here, Defendant has submitted evidence it sold at least 533,711 units of the disputed products in the United States during the class period. [DE 6-1]. Class members are also geographically

dispersed. Though the exact number and identities of all class members are unknown, such information may be ascertained in further discovery. Disposition of class members' claims in a single action will provide substantial benefits to all parties and the Court.

### *ii. Commonality*

Rule 23(a) requires "questions of law or fact common to the class," Fed.R.Civ.P. 23(a)(2), but "does not require that all of the questions of law or fact raised by the case be common to all the plaintiffs." *Walco Invs., Inc. v. Thenen,* 168 F.R.D. 315, 325 (S.D. Fla. 1996). Commonality is generally satisfied when a plaintiff alleges the "[d]efendants have engaged in a standardized course of conduct that affects all class members." *In re Terazosin Hydrochloride,* 220 F.R.D. 672, 687 (S.D. Fla. 2004). More succinctly, "a class action must involve issues that are susceptible to class-wide proof." *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001). Commonality is satisfied at bar, as the allegations of wrongdoing involve standardized product packaging and advertising containing a uniform message affecting all members of the Classes.[2]

---

[2] The questions of fact and law common to Class members include, but are not limited to:

    a.    Whether HomeoLab communicated a message that the products at issue were effective in treating the identified symptoms;
    b.    Whether HomeoLab's efficacy claims can be scientifically shown to be false;
    c.    Whether HomeoLab has falsely represented that the HomeoLab products at issue have benefits which they do not have;
    d.    Whether HomeoLab knew or should have known its claims were false;
    e.    Whether HomeoLab's efficacy claims were unfair and deceptive;
    f.    Whether HomeoLab's conduct constitutes the alleged violations of law;
    g.    Whether Plaintiffs and Class members have sustained loss, injury in fact, actual damages, and the proper measure of those damages;
    h.    Whether Plaintiffs and the Class are entitled to compensatory damages, including actual and statutory damages plus interest thereon, and/or monetary restitution;
    i.    Whether HomeoLab acted willfully, recklessly, and/or with gross negligence in committing the violations of the law alleged herein;
    j.    Whether Plaintiffs and Class members are entitled to punitive damages;
    k.    Whether Plaintiffs and the Class are entitled to declaratory/injunctive relief.

### *iii. Typicality*

Typicality, which requires "the claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed.R.Civ.P. 23(a)(3), is satisfied where named plaintiffs' claims "arise from the same event or pattern or practice and are based on the same legal theory" as those of the class. *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332 (11th Cir. 1984). S*ee also CV Reit, Inc. v. Levy,* 144 F.R.D. 690, 696 (S.D. Fla. 1992).  The "commonality and typicality requirements of Rule 23(a) tend to merge." *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n. 13 (1982).  Here, as named Plaintiffs and class members were exposed to the same uniform misrepresentations, the typicality requirement is satisfied. Plaintiffs' claims are typical of the class as all purchased and gave their ailing children products Defendant misrepresented as effective in relieving their children's medical symptoms, but did not receive the promised benefits, and all sustained the same injury from Defendant's common course of conduct.  As each class member has sustained, and continues to sustain, damages in the same manner as the named Plaintiffs as a result of Defendant's wrongful conduct, the named Plaintiffs' claims or defenses are typical of the claims or defenses of the class.

### *iv. Adequacy of Representation*

Adequacy of Representation requires "representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4).  "This 'adequacy of representation' analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted).  No conflict exists between Plaintiffs' interests and those of

the Classes or proposed counsel, who is qualified for the litigation and, along with Plaintiffs, are committed to vigorously prosecuting this action on behalf of the Classes, with resources to do so.

## B. Rule 23(b) Requirements.

### *Rule 23(b)(1)*

Initially, Rule 23(b)(1)(A) provides "[a] class action may be maintained if Rule 23(a) is satisfied and . . . prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Prosecuting separate individual actions in the present case would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant, as class members' claims are uniform and require uniform adjudication to establish compatible, consistent standards for Defendant's conduct.

### *Class certification Under Rule 23(b)(2)*

Rule 23(b)(2) authorizes a class action be maintained where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Requirements of Fed.R.Civ.P. 23(b)(2) are "almost automatically satisfied in actions primarily seeking injunctive relief." *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 59 (3d Cir. 1994).

Statutory damage claims may be incidental to injunctive relief and do not preclude class certification under Rule 23(b)(2). *Association for Disabled Americans, Inc., v. Amoco Oil Co.,* 211 F.R.D. 457, 465 (S.D. Fla. 2002). Indeed, § 501.211(1), Fla. Stat., [of the FDUTPA, *infra*] provides for declaratory and injunctive relief without regard to any other remedy or relief:

> Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.

Section 501.211(1), Fla. Stat.

Under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), declaratory and injunctive relief are available to a broader class of plaintiffs than those entitled only to damages:

> [I]t is clear that "the [FDUTPA] statute made declaratory and injunctive relief available to a broader class of plaintiffs than could recover damages." *Gritzke v. M.R.A. Holding, LLC,* No. 01–cv–495–RH, 2002 WL 32107540, *3 (N.D. Fla. Mar. 15, 2002). In other words, a plaintiff that is able to allege that he or she "has suffered a loss" will qualify for relief under both standards.

*Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009).

Here, Plaintiffs seek declaratory and injunctive relief that satisfy this requirement as they allege Defendant acted on grounds that apply generally to the Classes (false claims in packaging and advertising to which a relatively minor $10 in damages is incidental), so that declaratory relief and corresponding final injunctive relief are appropriate respecting the Classes as a whole.

### *Class Certification Under Rule 23(b)(3)*

Additionally or alternatively, Plaintiffs seek class certification under Rule 23(b)(3), as the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Rule 23(b)(3) requires an action satisfy both the Predominance and Superiority requirements, which follow.

### *i. Predominance*

First, Rule 23(b)(3)'s predominance inquiry requires "the issues in the class action that are subject to generalized proof and, thus, applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Smith v. William Wrigley Jr. Co.,* No. 09–60646–CIV, 2010 WL 2401149, at *1 (S.D. Fla. June 15, 2010) (citations omitted). Applying this standard to the present action, all of the claims of named Plaintiffs and the Classes are based on the same legal theories and the same uniform packaging and advertising, rendering generalized proof applicable to the classes as a whole predominant over any individual issues.

### *ii. Superiority*

Superiority analysis is strongly affected by the predominance analysis because the more common issues predominate over individual issues, the more desirable a class action will be. *Klay v. Humana, Inc.,* 382 F.3d 1241, 1269 (11th Cir. 2004). Here, as proposed class members' claims rest on a common set of facts concerning the same products and advertising, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Indeed, if the proposed Classes were not certified, it is unlikely potential class members would pursue their claims individually due to the high costs and exceedingly small awards involved, despite the socially redeeming goal of ensuring parents are not misled by misrepresentations concerning the efficacy of products held out as medicine for their child's serious medical needs.

### *Necessity for Stay of Further Proceedings and Briefing on Motion for Certification of Class*

Plaintiffs require class discovery to fully develop the facts bearing on class certification, and to submit amended and supplemental briefing prior to a ruling. Absent a stay of further proceedings and briefing on this motion, the proposed Classes would be prejudiced, as Plaintiffs

would be required to submit a full memorandum of law in support of class certification without a fully developed record, or delay seeking class certification and risk Defendant's anticipated attempt to "pick off" the lead Plaintiffs to the class members' detriment. See Footnote 1, *supra*.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter an Order:

i. Taking this motion under submission and deferring further activity on this motion until a future class certification deadline, after the parties have had an opportunity to submit briefing informed by discovery, or alternatively;

ii. Granting Plaintiffs' motion for class certification;

iii. Appointing Plaintiffs as representative for members of the Class;

iv. Appointing the undersigned counsel as Lead Class Counsel;

v. Certifying the Classes above under Federal Rule of Civil Procedure 23; and

vi. For all other relief this Honorable Court deems just, appropriate, or proper.

Respectfully submitted,

 /s/   Thomas P. O'Connell
Thomas P. O'Connell, Esquire
Florida Bar No. 9312920
Email:  TrialTom2@aol.com
Thomas P. O'Connell, P.A.
750 S.E. 3rd Avenue, Suite 204
Ft. Lauderdale, FL 33316

Sheila Zolnoor, Esquire
Florida Bar No. 43039
Email:  Sheila@ZolnoorLaw.com
746 N.E. 3rd Avenue
Fort Lauderdale, FL 33304

*Attorneys for Plaintiffs*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 27, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and certify the foregoing document is being served on this same date via transmission of Notices of Electronic Filing generated by CM/ECF and via email on all counsel or parties of record on the Service List below.

/s/   Thomas P. O'Connell
Thomas P. O'Connell, Esquire
Florida Bar No. 9312920
Email:  TrialTom2@aol.com
Thomas P. O'Connell, P.A.
750 S.E. 3rd Avenue, Suite 204
Ft. Lauderdale, FL 33316

Sheila Zolnoor, Esquire
Florida Bar No. 43039
Email:  Sheila@ZolnoorLaw.com
746 N.E. 3rd Avenue
Fort Lauderdale, FL 33304

*Attorneys for Plaintiffs*


**SERVICE LIST**

John W. McLuskey
David M. McDonald
Primary: eservice@mmlawmiami.com
Secondary: dmcdonald@mmlawmiami.com
McLuskey & McDonald, P.A.
The Barrister Building
8821 S.W. 69th Court
Miami, FL 33156
(305) 670-2020 Telephone
(305) 662-6164 Fax

*Attorneys for Defendant*